**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| BOBBY KEY,<br><br>　　Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC; CREDIT ONE BANK, N.A.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC<br><br>　　Defendants. | Case No.: 2:23-cv-83<br><br>**Complaint for Damages:**<br>　　**Violation of Fair Credit**<br>　　**Reporting Act** |

Plaintiff, Bobby Key, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.　　INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, damaging Plaintiff.

## II.　　PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Moore, Texas.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendants, Midland Funding LLC ("Midland") and Credit One Bank, N.A. ("Credit One") are at all times relevant hereto were lending institutions regularly doing business in the State of Texas.

5. At all times pertinent hereto, Defendants Midland and Credit One are a

"person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Texas.

7. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Texas.

8. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

11. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Texas.

12. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Texas.

13. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

15. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

16. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Texas.

17. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Texas.

18. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

19. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

20. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

21. That the Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, the Fair Credit Reporting Act ("FCRA").

22. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Moore County, Texas and Defendants do business in Texas.

23. Personal jurisdiction exists over Defendants as Plaintiff resides in Texas, Defendants have the necessary minimum contacts with the state of Texas, and this suit arises out of specific conduct with Plaintiff in Texas.

### IV.   FACTUAL ALLEGATIONS

24. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Midland, Credit One, Equifax, Experian and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

25. Equifax, Experian, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

26. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

27. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

28. Plaintiff discovered the Midland account# last four -2719 on his Equifax,

Experian, and TransUnion consumer reports in error (the "Midland Account").

29. Plaintiff discovered the Credit One account # last four -5008 on his Equifax consumer report in error (the "Credit One Account").

30. During the course of repayment of the Midland Account, Plaintiff satisfied the Account in full with Midland for full and final settlement of Plaintiff's obligation with respect to the Midland Account.

31. During the course of repayment of the Credit One Account, Plaintiff satisfied the Account in full with Credit One for full and final settlement of Plaintiff's obligation with respect to the Credit One Account.

32. Plaintiff resolved his liability on the Midland and Credit One Accounts, and the balances are $0.

33. In spite of receiving the full benefit of payment in full on the Midland and Credit One Accounts, and releasing Plaintiff from liability on the Midland and Credit One Accounts, Defendants Midland and Credit One continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Midland Account to Experian, Equifax, and TransUnion, and the Credit One Account to Equifax.

34. The false information regarding the Midland and Credit One Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

35. On or about October 18, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Midland and Credit One Accounts reporting on Plaintiff's Equifax consumer report.

36. On or about October 18, 2022, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Midland and Credit One Accounts reporting on Plaintiff's consumer report.

37. On or about October 18, 2022, Plaintiff sent a written dispute to TransUnion

("TransUnion Dispute"), disputing the inaccurate information regarding the Midland and Credit One Accounts reporting on Plaintiff's consumer report.

38. Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendants Midland and Credit One.

39. Upon information and belief, Midland and Credit One received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

40. Upon information and belief, Midland verified the erroneous information associated with the Midland Account to Equifax, Experian, and TransUnion.

41. Upon information and belief, Credit One verified the erroneous information associated with the Credit One Account to Equifax.

42. Midland and Credit One failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Midland and Credit One Accounts.

43. Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Midland and Credit One Accounts.

44. Upon information and belief, Midland and Credit One failed to instruct Equifax, Experian, and TransUnion to remove the false information regarding the Midland and Credit One Accounts reporting on Plaintiff's consumer reports.

45. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Midland and Credit One Accounts identified in Plaintiff's Dispute Letters.

46. At no point after receiving the Dispute Letters did Midland, Credit One, Equifax, Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

47. Equifax, Experian, and TransUnion relied on their own judgment and the

information provided to them by Midland and Credit One rather than grant credence to the information provided by Plaintiff.

48. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

50. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Midland and Credit One Accounts reporting on Plaintiff's Equifax consumer report.

51. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

52. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

56. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

57. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Midland and Credit One Accounts reporting on Plaintiff's Equifax consumer report.

58. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

59. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

63. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

64. After receiving the Experian Dispute, Experian failed to correct the false

information regarding the Midland Account reporting on Plaintiff's Experian consumer report.

65. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

66. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

70. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

71. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Midland Account reporting on Plaintiff's Experian consumer report.

72. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

1  inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain
2  reasonable procedures with which to filter and verify disputed information in Plaintiff's
3  credit files.

4    73. As a result of this conduct, action and inaction of Defendant Experian,
5  Plaintiff suffered damage, and continues to suffer, actual damages, including economic
6  loss, damage to reputation, emotional distress and interference with Plaintiff's normal
7  and usual activities for which Plaintiff seeks damages in an amount to be determined by
8  the trier of fact.

9    74. Defendant Experian's conduct, action, and inaction were willful, rendering
10  Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

11    75. In the alternative, Defendant Experian was negligent, entitling Plaintiff to
12  recover damages under 15 U.S.C. §1681o.

13    76. Plaintiff is entitled to recover costs and attorneys' fees from Defendant
14  Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

18    77. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully
19  set forth herein.

20    78. After receiving the TransUnion Dispute, TransUnion failed to correct the
21  false information regarding the Midland Account reporting on Plaintiff's TransUnion
22  consumer report.

23    79. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish
24  or to follow reasonable procedures to assure maximum possible accuracy in the
25  preparation of the credit reports and credit files Defendant TransUnion published and
26  maintained concerning Plaintiff.

27    80. As a result of this conduct, action and inaction of Defendant TransUnion,
28  Plaintiff suffered damage, and continues to suffer, actual damages, including economic

1. loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

83. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

84. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

85. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Midland Account reporting on Plaintiff's Experian consumer report.

86. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

87. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

88. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

89. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

90. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – MIDLAND

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

91. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

92. After receiving the Dispute Letters, Midland failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

93. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Midland's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Midland's representations to consumer credit reporting agencies, among other unlawful conduct.

94. As a result of this conduct, action, and inaction of Defendant Midland, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

95. Defendant Midland's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

96. In the alternative, Defendant Midland was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Midland pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT VIII – CREDIT ONE
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

98. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

99. After receiving the Equifax Dispute, Credit One failed to correct the false information regarding the Credit One Account reporting on Plaintiff's consumer report.

100. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit One's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit One's representations to consumer credit reporting agencies, among other unlawful conduct.

101. As a result of this conduct, action, and inaction of Defendant Credit One, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

102. Defendant Credit One's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

103. In the alternative, Defendant Credit One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

104. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Credit One pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted May 12, 2023

/s/ Joseph Panvini
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 612-5016
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff